IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-182-PLR-DCP-3 |
| | ) | |
| DEMETRIUS LLOYD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court upon Defendant Lloyd's Motion for a Hearing to Determine the Existence of a Conspiracy [Doc. 85], filed on March 3, 2019. The Government filed a response in opposition on March 12, 2019 [Doc. 99].

An evidentiary hearing was held on Defendant's pending motions on March 28, 2019 [Docs. 104 & 112]. Assistant United States Attorney Brent Jones appeared on behalf of the Government. Attorney Mark E. Brown represented the Defendant, who was also present.[1] For the reasons discussed in full below, Defendant's Motion for a Hearing to Determine the Existence of a Conspiracy [**Doc. 85**] will be **DENIED**.

---

[1] Subsequent to the hearing, Attorney Brown filed a Motion to Withdraw as Attorney [Doc. 116], stating that Defendant had elected to retain counsel from Detroit, Sanford A. Schulman, as well as local counsel John Eldridge. Attorney Brown's motion was granted [Doc. 119], and Attorneys Schulman and Eldridge were substituted as counsel of record on May 13, 2019 [Doc. 121].

I.   **POSITIONS OF THE PARTIES**

Defendant moved [Doc. 85] for a pretrial hearing to determine the existence of a conspiracy, pursuant to *Bourjaily v. United States*, 483 U.S. 171, 180 (1987); *United States v. James*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979); and *United States v. Vinson*, 606 F.2d 149, 152–53 (6th Cir. 1979), in which he argues that Government must prove that the conspiracy existed before it may introduce co-conspirator statements in its case-in-chief at trial. Defendant argues that a pretrial hearing is necessary to protect against the danger of unfair prejudice or inadmissible hearsay at trial, ensure efficiency during the trial, and ensure Defendant's rights under the Confrontation Clause.

The Government opposes [Doc. 99] Defendant's motion, maintaining that the admission of co-conspirator statements at trial subject to a later demonstration of their admissibility is a practice that is approved by the Sixth Circuit, traditionally employed in this District, conserves judicial resources, and has not heretofore caused mistrials or other adverse effects.

During the motion hearing, Mr. Brown briefly discussed the need for a pretrial hearing to determine the existence of a conspiracy in order to prevent the jury from hearing potential testimony that would be deemed inadmissible.

II.   **ANALYSIS**

The Federal Rules of Evidence require that for a statement of a co-conspirator to be admissible non-hearsay, the statement must be "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Sixth Circuit has approved three procedures for resolving the admissibility of alleged co-conspirator statements: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the coconspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the

conspiracy before it can consider the statement. *Vinson*, 606 F.2d at 152–53 (6th Cir. 1979) (citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)).

Defendant requests the first of these options, a pretrial hearing. The Court observes that it is the historical practice in this District to use the third of the three options, which the Court will refer to as the provisional admission option. Defendant argues that a pretrial hearing is the most efficient way to protect his right to due process and to confront the witnesses against him.

The Sixth Circuit has observed that pretrial hearings have the disadvantage of being "burdensome, time-consuming and uneconomic." *Id.* at 152 (footnote omitted). Nevertheless, "a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant." *Id.* The decision of which of the three *Vinson* options to use falls squarely within the district judge's sound discretion. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (stating the decision is "the trial court's prerogative"). A change from the provisional admission option, historically employed in this District, is not warranted when the proponents of the pretrial hearing offer only "general and vague objections" that "demonstrate no specific prejudice" resulting from the use of the provisional admission option. *United States v. Martin*, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008).

In the instant case, Defendant argues that presenting the statements of co-conspirators without first showing that they participated in a conspiracy with the other alleged co-conspirators would taint the jury with the evidence of the conspiracy. The Court finds that Defendant's taint or spillover objection could be raised in every case in which a conspiracy is charged. Defendant essentially argues that if the Government fails to prove that he participated in the charged conspiracy, then his right to confrontation would be violated by the admission of a co-conspirator statement that is not admissible under Rule 801(d)(2)(E). Defendant contends that he would then be prejudiced by the admission of inadmissible evidence.

3

However, Defendant has failed to argue how such prejudice is specifically or particularly likely in the present case. For a defendant to establish substantial prejudice from a "spillover" of evidence, he must show that the jury will not be able to separate and treat as distinct the evidence relating to each count or defendant. *United States v. Murphy*, 836 F.2d 248, 256 (6th Cir. 1988). In the present case, the Court finds that Defendant has given no reason that the jury would be unable to consider the evidence relating to each defendant, and therefore, Defendant has "demonstrate[d] no specific prejudice" resulting from the use of the provisional admission option. *See Martin*, 2008 WL 152900, at *3. The Court has considered Defendant's position and finds no reason to depart from the traditional provisional admission approach in this case. As Defendant's motion relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice employed in this District of permitting the Government to present the statement before proving the conspiracy and then instructing the jury that the Government must prove the conspiracy before it can consider the statement. Accordingly, Defendant's Motion for Hearing to Determine the Existence of a Conspiracy [Doc. 85] is **DENIED**.

III. **CONCLUSION**

Accordingly, for the reasons set forth above, Defendant's Motion for Hearing to Determine the Existence of a Conspiracy [**Doc. 85**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge